UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:26-CV-00437-MEO-DCK

| | |
|---|---|
| LEWIS NATHANIEL DAVIS JR., <br><br> Plaintiff, <br><br> v. <br><br> KAYLA WRIGHT, et al., <br><br> Defendants. | **MEMORANDUM & ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand. (Doc. No. 12). On June 3, 2026, Defendant Cody A. Teague removed this case from the Superior Court of Anson County, North Carolina based on federal-question jurisdiction arising from Plaintiff's 42 U.S.C. §1983 claim. (Doc. No. 1). Plaintiff subsequently moved to amend his First Amended Complaint to withdraw his Section 1983 claim. (Doc. No. 8). The Court granted the motion on July 1, 2026 (Doc. No. 10), and Plaintiff filed his Second Amended Complaint the same date. (Doc. No. 11). Plaintiff's Second Amended Complaint includes only state law claims. *Id.* On July 1, 2026, Plaintiff also filed his motion to remand asserting that "[a]s amended, the complaint completely divests the federal court of jurisdiction, thus, requiring remand to state court." (Doc. No. 12 at 2). The Court will grant Plaintiff's motion.

As the Supreme Court explained in *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 44 (2025), a plaintiff's "deletion of all federal claims deprive[s] the District Court of federal-question jurisdiction." 604 U.S. 22, 44 (2025). "And once

[federal-question jurisdiction is] gone, the court's supplemental jurisdiction over the state claims dissolve[s] too." *Id.* Accordingly, the Court agrees with Plaintiff, and this matter must be remanded to state court.[1]

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Remand (Doc. No. 12) is **GRANTED**;
2. This matter is **REMANDED** to the Superior Court of Anson County, and
3. The clerk is directed to close this case and to transmit a certified copy of this order to the clerk of the General Court of Justice, Superior Court Division, Anson County, North Carolina.

**SO ORDERED.**

Signed: November 2, 2026

Matthew E. Orso
United States District Judge

[1] In his memorandum of law in support, Plaintiff made a passing request for an award of attorney's fees for Defendants' "baseless motion." (Doc. No. 12-1 at 1–2). In his reply, Plaintiff clarified he included the request in error, and he does not seek attorney's fees. (Doc. No. 26).